UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

| | |
|---|---|
| MELISSA VANDERGRIFF, *et al.*, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | No. 1:14-cv-177-SKL |
| ) | |
| ) | |
| RED ROBIN INTERNATIONAL, INC., *et al.*, ) | |
| ) | |
| Defendants. ) | |
| ) | |

## ORDER

Before the Court is a motion, along with a memorandum in support, filed by Defendants, Red Robin International, Inc. and Red Robin America's Gourmet Burgers and Spirits ("Defendants"), pursuant to Rule 35 of the Federal Rules of Civil Procedure [Docs. 49 & 50]. Defendants' motion seeks an order requiring the minor Plaintiff C.V. ("minor Plaintiff") to submit to an independent medical examination ("IME") to be performed by Dr. Michael S. Duchowny, a pediatric neurologist, in Miami, Florida. Plaintiff Melissa Vandergriff and the minor Plaintiff ("Plaintiffs") filed a response in opposition to the location of the IME [Doc. 55] and an affidavit of Dr. Lewis McCoy Miller, III [Doc. 55-1]. Defendants filed a reply [Doc. 56], and an affidavit of Dr. Duchowny [Doc. 57-1]. A hearing was conducted on April 29, 2016, and this matter is now ripe.

I.  **INTRODUCTION**

This diversity case involves a minor's alleged slip and fall in Defendants' restaurant [Doc. 29]. Plaintiffs are seeking a significant recovery for damages allegedly resulting from a closed head injury caused by the fall. Defendants state the minor Plaintiff alleges that, as a result

of the slip and fall, she "contracted a 'seizure disorder' that none of the multiple medical providers have been able to specifically diagnose or provide a treatment plan to bring about a cure or provide sufficient medical management" [Doc. 50 at Page ID # 277].

Defendants want the minor Plaintiff to submit to an IME to be performed by Dr. Duchowny, a pediatric neurologist specializing in seizure disorders. Defendants anticipate that Dr. Duchowny will be a testifying expert at trial. Defendants have scheduled the requested IME for May 25, 2016 in Miami, Florida [Doc. 49-1]. Defendants state that they will cover all costs associated with the trip to Miami, including airfare, lodging, food, and transportation in Miami [*id.* at Page ID # 203]. Alternatively, if flying is an issue, Defendants are willing to provide Plaintiffs with a rental car, travel expenses and mileage related to driving their own personal vehicle, or a professional driver and vehicle [*id.* at Page ID # 203 n.1].

Defendants explain that the examination will last approximately one to two hours and will cost approximately $800.00 if it is conducted in Dr. Duchowny's office in Miami, but if Dr. Duchowny travels to Chattanooga to perform the IME, there will be additional fees of $7,500.00 a day plus travel expenses [Doc. 50 at Page ID # 281]. Defendants further explain that the earliest Dr. Duchowny could perform the IME in Chattanooga would be in late June 2016 [*id.* at Page ID # 281-82].[1]

Plaintiffs agree that an IME is warranted in this case and do not object to the proposed manner and scope of the examination or to having Dr. Duchowny perform the examination. Rather, Plaintiffs oppose having the examination take place in Miami, Florida, approximately 800 miles from Plaintiffs' home [Doc. 55 at Page ID # 336]. Plaintiffs have filed the Affidavit of

---

[1] Having the IME in late June will impact the current scheduling order [Doc. 45] as the parties' expert disclosures and final witness lists are due on June 8, 2016, and the discovery completion deadline is July 6, 2016.

Dr. Miller, a pediatric neurologist at Children's Hospital at Erlanger in Chattanooga who is currently treating the minor Plaintiff "related to her traumatic brain injury and ongoing epileptic seizures" [Doc. 55-1 at Page ID # 348]. Dr. Miller attests that the minor Plaintiff "continues to suffer from severe epileptic seizures on a regular basis despite medication and surgical treatment," and he will "not give her medical clearance to get on a plane due to the regularity and severity of her epileptic seizures" [*id.* at Page ID # 348]. Plaintiff Melissa Vandergriff, the minor Plaintiff's mother, testified during her deposition on January 22, 2015, that the minor Plaintiff has about five seizures a day [Doc. 55-2 at Page ID # 352]. Defendants have filed the competing affidavit of Dr. Duchowny. He attests that, upon reviewing the medical records provided to him pertaining to the minor Plaintiff's treatment including those from Children's Hospital at Erlanger and Dr. Miller, he has "found nothing to indicate C.V.'s current physical condition would prevent her from safely traveling to Miami for an examination" [Doc. 57-1 at Page ID # 367-68].

## II. ANALYSIS

Defendants request that the Court order the minor Plaintiff to travel approximately 800 miles one-way by airplane (or alternatively by car) to Miami, Florida, to have Dr. Duchowny, Defendants' chosen pediatric neurologist, perform the IME in his office. Defendants alternatively state that Dr. Duchowny could travel to Chattanooga to perform the IME in late June at significantly increased fees and expenses. If such allegedly increased expenses are incurred, Defendants request an offset from any future award to Plaintiffs. Plaintiffs argue that the minor Plaintiff's physical condition limits her ability to travel to Miami as evidenced by her treating physician's affidavit. Plaintiffs also argue there are other qualified pediatric neurologists

3

located in Chattanooga, Nashville, Birmingham or Atlanta within at most a two-hour drive from Plaintiffs' home in Chattanooga who could perform the IME.

Rule 35 of the Federal Rules of Civil Procedure governs IMEs. A party seeking an order for a Rule 35 IME must show (1) that the plaintiff has put her physical or mental condition "in controversy," and (2) that there is "good cause" for the IME. *Schlagenhauf v. Holder*, 379 U.S. 104, 117-18 (1964). The parties agree that the minor Plaintiff's neurological condition is in controversy and that there is good cause for the IME. Plaintiffs have not objected to the manner or scope of the proposed IME or to the proposed pediatric neurologist. The sole issue before the Court is where the IME should take place – in Chattanooga or in Miami.

Rule 35 provides that a court order requiring a party to submit to an IME must specify the "location" for the examination, but the Rule does not provide guidance for determining the appropriate location. *See* Fed. R. Civ. P. 35(a)(2)(B). Courts have interpreted Rule 35 to give them broad discretion in determining the details of the IME, such as location. *Schlagenhauf*, 379 U.S. at 114-15 (Rule 35 is "to be accorded broad and liberal treatment, to effectuate the purpose [of the rules of civil procedure] that 'civil trials in the federal courts no longer need be carried on in the dark.'"); *see also* 8B *Fed. Prac. & Proc. Civ.* § 2234 (3d ed.) ("The trial court has extensive discretion in determining the details of the examination.").

While some courts have developed a general rule that plaintiffs should submit to an IME in the forum in which they choose to bring their lawsuit, this general rule is not absolute and courts may consider the plaintiff's medical condition when deciding the appropriate location. *See Mansel v. Celebrity Coaches of America, Inc.*, No. 2:13-cv-01497, 2013 WL 6844720, at *1-2 (D. Nev. Dec. 20, 2013); *Prado v. County of Siskiyou*, No. CIV S-08-1835, 2009 WL 1657537, at *2 (E.D. Cal. June 12, 2009). It appears that application of this general rule typically arises in

4

cases where a defendant requests to take an IME in the judicial district where the case is pending and the out-of-forum plaintiff opposes traveling to the judicial district. Then, the plaintiff has the burden to show that traveling to the examination within the judicial district poses an undue burden or hardship in light of the plaintiff's medical condition. *See Mansel,* 2013 WL 6844720, at *2; *Ornelas v. Southern Tire Mart, LLC*, 292 F.R.D. 388, 400 (S.D. Tex. 2013); *Prado*, 2009 WL 1657537, at *2. The general rule is less significant here because Defendants are requesting the IME be performed outside of the forum district and state.

The parties have not submitted case law from this Court or from the Court of Appeals for the Sixth Circuit ("Sixth Circuit") regarding the factors to consider in determining the location of an IME, and this Court has found none in its research. While the nonbinding cases cited by the parties are very fact specific, the cases are still instructive as to the various factors that courts typically consider and weigh in determining the location of an IME. One such factor is the location of the physician of choice. Although the moving party does not have an absolute right to compel the examiner of its choice, absent valid objections to the selection, the movant usually is entitled to the physician of choice. 8B *Fed. Prac. & Proc. Civ.* § 2234.2 (3d ed.); *see also DeNeui v. Wellman*, No. CIV. 07-4172, 2008 WL 4065816, at *3 (D.S.D. Aug. 27, 2008); *Stinchcomb v. United States*, 132 F.R.D. 29, 30 (E.D. Pa. 1990). Thus, that the requested IME is outside of the judicial district in which the case is pending, by itself, does not render the request unreasonable. *DeNeui*, 2008 WL 4065816, at *4-5; *Reed v. Marley*, 321 S.W.2d 193, 195 (Ark. 1959).

Other factors include the undue burden or hardship on the plaintiff based on the plaintiff's medical conditions, the amount and time of travel that the plaintiff has been willing to undertake on his or her own while burdened with the physical conditions, the specific evidence

5

from the plaintiff's doctor of the harm that would result from the travel to the IME, and the specific medical expertise needed that is not available locally. *See Mansel*, 2013 WL 6844720, at *2 (finding the plaintiffs must travel from their home in Texas to Las Vegas where their case is pending for their IMEs because the plaintiffs failed to establish by sufficient medical specificity that they would be harmed by the travel); *Ornelas*, 292 F.R.D. at 400 (requiring plaintiff to travel approximately 100 miles within the judicial district over the plaintiff's objection because the plaintiff failed to provide any rationale as to why travel to the proposed location would cause undue burden or hardship); *Page v. Hertz Corp.*, No. CIV 09-5098, 2011 WL 5553489, at *7 (D.S.D. Nov. 15, 2011) (finding not unreasonable to require plaintiff to travel from Canada to Colorado for the IME given the distances plaintiff has voluntarily traveled while burdened with the same physical condition); *Woodard v. Wal-Mart*, No. 5:09-CV-428, 2010 WL 3455342, at *2 (M.D. Ga. Aug. 26, 2010) (finding that requiring plaintiff to travel approximately 85 miles from Macon to Atlanta for an IME would not impose an undue hardship on the plaintiff based on the plaintiff's own travel habits while it would be unreasonable to require the doctor to travel to Macon and would impose greater costs on defendants); *Prado*, 2009 WL 1657537, at *1-3 (finding the plaintiff failed to meet her burden of providing specific medical evidence that traveling to California, where her case was pending, for the IME would negatively affect her health even in light of her doctor's declaration stating she should not travel to California for the next couple of months because her medical treatment requires her to be close to her doctors); *Plaintiff B v. Francis*, No. 5:08CV79, 2009 WL 1360853, at *2 (N.D. Fla. May 12, 2009) (finding that defendants failed to show good cause for the IME to be performed outside of the judicial district by not arguing or showing that the chosen psychiatrist had a special expertise that could not be found locally, especially when there were two major

6

universities and several urban areas within the district); *McDonald v. Southworth*, No. 1:07-cv-217, 2008 WL 2705557, at *6 (S.D. Ind. July 10, 2008) (finding no burden for the defendant to demonstrate that a satisfactory examination could not be conducted at a closer location to the plaintiff but the plaintiff failed to demonstrate how traveling to Indianapolis, the forum where the case is pending, nine months after traveling there to give his deposition would create a specific undue burden or hardship); *DeNeui*, 2008 WL 4065816, at *4-5 (requiring a Minnesota plaintiff who brought suit in Sioux Falls, South Dakota to travel to Omaha, Nebraska for an IME when there were only seven neurologists in Sioux Falls not connected with the parties who could perform the IME and based on the amount of travel the plaintiff had been willing to undertake to secure medical testimony to support her claims under the same disability conditions); *Blount v. Wake Electric Membership Corp.*, 162 F.R.D. 102, 107 (E.D.N.C. 1993) (refusing to order plaintiff to attend an out-of-district IME when plaintiff was wheelchair bound and had no means of transportation and the trip would be difficult to manage and when the defendants did not argue that the chosen physician was uniquely qualified); *Stuart v. Burford*, 42 F.R.D. 591, 592-93 (N.D. Okla. 1967) (finding that the defendant failed to show good cause for the IME to be performed in Oklahoma City which was 118 miles outside of Tulsa, the district where the case was pending and where the plaintiff lived, by the defendant's selected internist and diagnostician when there were over 40 internists and diagnosticians practicing in Tulsa); *Reed*, 321 S.W.2d 193, 197-98 (Ark. 1959) (ordering plaintiff to submit to an IME out of state and 121 miles away when there was no evidence that trip would cause an undue burden or hardship to plaintiff).

In addressing the various factors, Plaintiffs argue that Defendants have the burden of proof to show there is good cause to require the IME take place outside of the district [Doc. 55 at Page ID # 340]. To do so, Plaintiffs contend Defendants must show a lack of qualified local

7

examiners in the district. Plaintiffs contend Defendants have failed to meet their burden because there are eight pediatric neurologists in the Eastern District of Tennessee, not counting the minor Plaintiff's treating pediatric neurologist, and there are many hospitals and universities within 150 miles of Chattanooga [*id.* at Page ID # 343-44]. Additionally, Plaintiffs argue that the minor Plaintiff's physical condition severely limits her ability to travel and that her treating physician has stated that she should not travel by airplane [*id.* at Page ID # 345]. Plaintiffs also note that Plaintiff Melissa Vandergriff, the minor Plaintiff's mother, is eight months pregnant [*id.* at Page ID #346 n.29].

Defendants counter that there is no legal requirement the IME must occur in the forum district and argue that Plaintiffs have not met their burden of proving an undue burden or hardship for the minor Plaintiff to travel to Miami [Doc. 56 at Page ID # 357-58]. Defendants argue that the minor Plaintiff has already been examined by four pediatric neurologists in Tennessee who have not determined the cause of the minor Plaintiff's seizures,[2] and that the circumstances of the case require the IME be performed by "a physician with a dedicated expertise in seizure disorders in children, including epilepsy" [*id.* at Page ID # 360-61]. A review of Dr. Duchowny's curriculum vitae supports that he specializes in pediatric seizure disorders [Doc. 49-9]. Neither party has discussed specifically whether there are additional qualified pediatric neurologists with experience in seizure disorders outside the state but within a two- or three-hour drive of Plaintiffs' home such as in Georgia or Alabama.

---

[2] The minor Plaintiff has been treated by pediatric neurologists at Vanderbilt University Hospital in Nashville, at Children's Hospital at Erlanger in Chattanooga, at LeBonheur Children's Hospital's Comprehensive Epilepsy Program in Memphis, and in Knoxville. Defendants question whether there are other doctors with the needed qualifications and experience in seizure disorders in these areas that are not colleagues of the minor Plaintiff's treating physicians in the same programs or hospitals [Doc. 56 at Page ID # 359].

8

Defendants further contend that Plaintiffs have failed to show that the required travel to Miami will place an undue burden or hardship on Plaintiffs. Defendants argue that Plaintiffs have failed to provide evidence that the minor Plaintiff cannot travel to Miami by car. Defendants argue that the minor Plaintiff has safely traveled by car approximately 1,200 miles round trip to Redford Township, Michigan to visit family and she has traveled approximately 650 miles round trip to Memphis to seek medical treatment [Doc. 56 at Page ID # 361; Doc. 50 at Page ID # 283]. Plaintiffs have explained that they were able to take these trips at their leisure over several days. Courts, however, have considered a plaintiff's traveling habits while under the alleged medical conditions to determine whether to order the plaintiff to travel to the IME. *See Page*, 2011 WL 5553489, at *7; *Woodard*, 2010 WL 3455342, at *2.

Plaintiffs argue that it is very difficult for the minor Plaintiff to travel. Plaintiffs contend that while they may need to show the minor Plaintiff's physical condition limits her ability to travel, they need not show travel would cause her physical condition to worsen. *See Bieser v. J.E. Phillips & Sons, Inc.*, No. 4:12-CV-386, 2013 WL 1611483, at *2 (E.D. Mo. Apr. 15, 2013) (finding persuasive that even though plaintiff does not claim the travel would worsen his condition, the lengthy trip would be difficult for the plaintiff to manage); *Blount*, 162 F.R.D. at 170. Plaintiffs rely on the deposition testimony of Plaintiff Melissa Vandergriff, the minor Plaintiff's mother, to establish travel in a car would be difficult because the minor Plaintiff has multiple seizures every day, many of which involve her limbs locking, her body shaking, and her falling over [Doc. 55-2 at Page ID # 352-353]. They further rely on the sworn statement of Dr. Miller that he would not give her medical clearance to fly because of the regularity and severity of her seizures [Doc. 55-1]. Plaintiffs contend that to require the minor Plaintiff to travel to Miami by car would require the minor Plaintiff to be on the road for roughly 24 hours to make

9

the approximately 1,600 mile round trip for a one to two hour IME. Plaintiffs also argue that Plaintiff Melissa Vandergriff would need to accompany her daughter to the IME and in late May she will be approximately eight months pregnant then [Doc. 55 at Page ID # 346 n.29].

The Court has broad discretion to determine whether the unopposed IME by Dr. Duchowny will occur in either Chattanooga or Miami. Considering the relevant factors, proof, and arguments, the Court will not order the minor Plaintiff to fly to Miami contrary to her treating physician's refusal to give her medical clearance to fly. Likewise, the Court will not order the minor Plaintiff to travel by car approximately 1,600 miles round trip in light of the minor Plaintiff's medical condition and her mother's pregnancy.

Based on the sworn statement of Dr. Miller, the minor Plaintiff experiences severe seizures on a regular basis despite taking medication. While the Court appreciates Dr. Duchowny's opinion that nothing in the medical records he has reviewed should prevent the minor Plaintiff from safely traveling to Miami, Dr. Duchowny is not the minor Plaintiff's treating physician and he has not examined or spoken with the minor Plaintiff. While there is evidence that the minor Plaintiff has voluntarily traveled by car to Michigan to visit family, Plaintiffs have explained that these trips have occurred at a leisurely pace over several days. Even if this leisurely pace could be accommodated on a trip to Miami for the IME, the minor Plaintiff's mother who would need to accompany the minor Plaintiff to Miami will be approximately eight months pregnant in late May. The Court is not persuaded that any previous voluntary car trip would justify ordering the minor Plaintiff and her pregnant mother to travel the approximately 1,600 miles by car for a one to two hour IME that can be conducted closer to Plaintiffs' home and in the forum.

10

The Court has also considered and weighed the burden and inconvenience to Dr. Duchowny of traveling to Chattanooga. In light of the fact that Dr. Duchowny has agreed to travel to Chattanooga, and based on the unique facts of this case, the burden and inconvenience to Dr. Duchowny and his practice if he travels to Chattanooga appears to be less than the burden to the Plaintiffs if they travel by car to Miami. This is especially so when considering that Dr. Duchowny will be well compensated for his inconvenience as evidenced by his $7,500.00 per day fee.

Accordingly, the Court **CONCLUDES** in its discretion that the IME with Dr. Duchowny will take place in Chattanooga, Tennessee. Defendants must notify Plaintiffs of the date and the address for the IME as soon as possible and the parties must make every effort to agree to a mutually convenient date as early as possible for the IME.

Additionally, Defendants request that the Court order that any increased costs associated with having Dr. Duchowny conduct the IME in Chattanooga instead of Miami be deducted from any recovery the Plaintiffs might obtain in this case. The Court reserves ruling on this request, which can be addressed further if and when costs are awarded.

### III. CONCLUSION

For the foregoing reasons, Defendants' motion for a Rule 35 IME [Doc. 49] is **GRANTED IN PART and DENIED IN PART**. The Court hereby **ORDERS** the minor Plaintiff to submit to the IME to be performed by Dr. Duchowny in Chattanooga, Tennessee. Defendants are **DIRECTED** to notify Plaintiffs as soon as possible of the date and address of the IME. The parties are further **DIRECTED** to submit a joint agreed motion proposing new dates for the parties' expert disclosures, witness lists, and discovery completion deadlines. The

dispositive motions deadline and trial date set in the current scheduling order [Doc. 45] will not be changed.

SO ORDERED.

ENTER:

s/ *Susan K. Lee*
SUSAN K. LEE
UNITED STATES MAGISTRATE JUDGE